**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Krystal V.-M. Robie[1]

    v.                                  Civil No. 22-cv-007-JL

New Hampshire Department
of Corrections Commissioner et al.

### REPORT AND RECOMMENDATION

Pro se plaintiff Krystal V.-M. Robie filed a civil rights complaint (Doc. No. 1), under 42 U.S.C. § 1983, against the Commissioner of the New Hampshire Department of Corrections ("DOC") and other DOC employees.[2] The complaint has been referred to the undersigned Magistrate Judge for preliminary review, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a) and LR 4.3(d)(1).

### Preliminary Review Standard

The court conducts preliminary review of complaints filed by pro se prisoners seeking relief from government agents. See

---

[1] The plaintiff, Krystal V.-M. Robie, is a transgender woman who uses she/her/hers pronouns.

[2] When Ms. Robie filed her complaint in 2022, she was incarcerated at the Strafford County Department of Corrections. The incidents that are the basis for her claims, however, occurred in 2020, and Ms. Robie does not identify the institution where she was incarcerated at that time. Based on the officers she names as defendants, and the unit names identified in the complaint, it appears that the incidents occurred at the New Hampshire State Prison.

28 U.S.C. § 1915A(a); LR 4.3(d)(1). Claims may be dismissed sua sponte if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court construes pro se pleadings liberally. See De Paula Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022).

## Background

Ms. Robie alleges that in March 2020, she was housed in the Medium Custody South Unit ("MCS") (presumably at the New Hampshire State Prison) when a corrections officer, Sgt. Eric Stone, moved her to "1-D Pod" in the MCS, where Kevin Laurent was also housed. Ms. Robie alleges that staff knew that Mr. Laurent was preying on transgender prisoners but, nevertheless, housed her with Mr. Laurent. She alleges she was sexually assaulted by Mr. Laurent and reported the assault. In response,

2

DOC Investigator Todd Phelps began an investigation of the incident pursuant to the Prison Rape Elimination Act ("PREA").

On 1-D Pod, the prisoners have imposed a "buddy companion" system whereby a prisoner who meets with a unit security officer is accompanied by another prisoner. Ms. Robie further alleges that prison employees are aware of the "buddy companion" system and did nothing to stop it. Ms. Robie states that when she met with Investigator Phelps she was accompanied by another prisoner, and for that reason told Investigator Phelps she had nothing to say about the sexual assaults by Mr. Laurent she had previously reported. Without a statement from Ms. Robie, Mr. Laurent continued to be housed on 1-D Pod. Ms. Robie further alleges that the meeting with Investigator Phelps put her safety at risk because inmates called her a snitch and stole her property.

Ms. Robie alleges that she tried to move off of 1-D Pod without success. She alleges that the 1-D Pod staff knew she was being frequently sexually assaulted by another prisoner, Jon King, but did nothing to stop those assaults, and refused to move her into protective custody or transfer her out of 1-D Pod. In May 2020, Ms. Robie alleges she was raped by eight prisoners while she was intoxicated on drugs, which she took because another prisoner had threatened her with harm if she refused.

3

Ms. Robie alleges that conditions on 1-D Pod endangered her safety because staff members were allowed to sleep in the control room, and therefore were not monitoring what was happening on the units. She also alleges that staff allowed the prisoners to run 1-D Pod.

Ms. Robie alleges that officers on 1-D Pod knew that she previously had filed lawsuits against prison officers, and made it difficult for her to transfer to another pod because of her previous litigation. The officers told her that they did not like that she engaged in such litigation, and that her time would be easier if she stopped filing complaints. She alleges that the officers, in retaliation for her previous litigation, endangered her safety by labelling her as a snitch or causing her to be labelled as a snitch, and by charging her with disciplinary offenses in order to have her security status upgraded.

### Claims

Ms. Robie states that prison staff violated her rights under the First and Eighth Amendments, and were negligent in failing to protect her from harm. Accordingly, she asserts the following claims:

    1.   Between March 2020 and May 2020, Investigator Todd Phelps, Lt. James Brown, Capt. Gary Burke, Sgt. Eric Stone,

4

Corrections Officer ("CO") J. Christie, PREA Victim Advocate Jean Carroll, and an unnamed second shift officer ("CO John Doe"), violated Ms. Robie's Eighth Amendment rights when they failed to protect her from harm, in that they:

>   a.   placed Ms. Robie on a unit with Kevin Laurent, who they knew was a predator who targeted transgender prisoners, thus allowing her to be sexually assaulted by Mr. Laurent;
>
>   b.   failed to stop other prisoners from interfering with Ms. Robie's ability to make a statement to support her report of having been sexually assaulted by Kevin Laurent, when she was accompanied to her meeting with Investigator Phelps by another prisoner because of the prisoner-created "buddy companion" system, of which the defendants were aware;
>
>   c.   failed to prevent other prisoners from stealing Ms. Robie's property and labelling her as a snitch, in retaliation for her attempt to report having been sexually assaulted by Kevin Laurent;
>
>   d.   failed to prevent Ms. Robie from being repeatedly sexually assaulted by Jon King;
>
>   e.   failed to prevent Ms. Robie from being raped by eight prisoners (other than Kevin Laurent and Jon King);
>
>   f.   failed to adequately monitor prisoners on 1-D pod by allowing prisoners to "run" that pod, and by sleeping while on duty; and
>
>   g.   refused to grant Ms. Robie protective custody or allow her to transfer out of 1-D Pod.

2.   Between March 2020 and May 2020, Lt. James Brown, Capt. Gary Burke, Sgt. Eric Stone, and Investigator Todd Phelps, in engaging in the conduct summarized in Claims 1(a)-(g), were negligent in failing to protect Ms. Robie from the harm she alleges resulted from the conduct summarized in Claims 1(a)-(g).

3.  Lt. James Brown, Capt. Gary Burke, and Sgt. Eric Stone violated Ms. Robie's First Amendment rights in that they retaliated against her because of her litigation against prison officers by:

 a.  not granting her "protective custody" or allowing her to be transferred off of 1-D Pod; and

 b.  charging Ms. Robie with disciplinary offenses, and/or having others charge Ms. Robie with disciplinary offenses, in order to have her security status upgraded.

## Discussion

I.  DOC Commissioner Helen Hanks

Although Ms. Robie lists DOC Commissioner Helen Hanks in the complaint as a defendant, she asserts no allegations against Commissioner Hanks. For that reason, Ms. Robie has not stated a cognizable claim against Commissioner Hanks, and the District Judge should dismiss Commissioner Hanks from this case.

II. Failure to Protect Claims

 A.  Eighth Amendment (Claims 1(a)-(g))

The Eighth Amendment "'protect[s] prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). To state an Eighth Amendment failure to protect claim, the plaintiff must allege facts to show that a situation existed that posed a "substantial risk of serious harm" to the plaintiff and that the defendants were

6

deliberately indifferent to that risk. Norton v. Rodrigues, 955 F.3d 176, 185 (1st Cir. 2020). A substantial risk of harm must be an objectively intolerable risk, such as when there is a "'strong likelihood that violence would occur.'" Elwell v. Correia, 585 F. Supp. 3d 163, 166 (D.N.H. 2022) (quoting Purvis v. Ponte, 929 F.2d 822, 825 (1st Cir. 1991)). Deliberate indifference requires facts that show the defendant knew of the substantial risk of harm and disregarded the risk. See Elwell, 585 F. Supp. 3d at 166 (quoting Purvis, 929 F.2d at 825).

In Claims 1(a)-(g), Ms. Robie alleges that the officers identified in this Report and Recommendation ("R&R") as defendants to that claim, knew of the substantial risk of serious harm to her that existed on 1-D Pod, but failed to protect her from such harm, which resulted in, among other things, several incidents of sexual assault against her and her inability to make a statement to support her sexual assault allegations against Mr. Laurent due to the "buddy companion" system. Ms. Robie alleges sufficient facts to survive preliminary review as to Claims 1(a)-(g). In an order issued this date, the court has directed service of Claims 1(a)-(g) on the defendants named in that claim.

B.   Negligence (Claims 3(a)-(b))

To state a claim for negligence under New Hampshire law, the plaintiff must allege facts to "'show that the defendant owes a duty to the plaintiff and that the defendant's breach of that duty caused the plaintiff's injuries.'" Sacco v. Am. Institutional Med. Grp., 609 F. Supp. 3d 22, 50 (D.N.H. 2022) (quoting Christen v. Fiesta Shows, Inc., 170 N.H. 372, 375, 173 A.3d 162 (2017)). In the prison context, a prison officer has a duty to prevent prisoners from injuring other inmates if the officer knows of a risk of injury or "kn[ows] facts that would lead a reasonable person so to believe," and the officer's "reckless disregard for the prisoner's safety proximately caused harm to the inmate." Crosby v. Dowaliby, Civil No. 12-cv-383-SM, 2013 U.S. Dist. LEXIS 67760, at *13, 2013 WL 1975360, at *5 (D.N.H. Apr. 22, 2013) (citing Murdock v. City of Keene, 137 N.H. 70, 73 (1993)), R&R approved sub nom., Crosby v. Strafford Cty. Dep't of Corr., Superintendent, 2013 U.S. Dist. LEXIS 69254, at *1, 2013 WL 1975359, at *1 (D.N.H. May 10, 2013).

In Claims 3(a)-(b), Ms. Robie asserts negligence claims against defendants Lt. Brown, Capt. Burke, Sgt. Stone, and Investigator Phelps, based on their conduct summarized in this R&R as Claims 1(a)-(g).  Claims 3(a)-(b) are sufficiently stated to survive preliminary review.  In an Order issued this date,

8

the Court directs service of Claims 3(a)-(b) against those defendants.

### III. First Amendment Retaliation Claim (Claim 2)

The First Amendment protects prisoners from retaliation by prison employees for prisoners' engagement in activities protected by the First Amendment, including bringing litigation about prison conditions. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). To state a retaliation claim, a prisoner must allege facts that show she "engaged in a protected activity, that the state took an adverse action against [her], and that there is a causal link between the former and the latter." Id.

Ms. Robie alleges that the individuals identified as defendants to Claim 2 told her that they did not like that she had brought lawsuits against the prison and prison officers, and that her time in prison would be easier if she stopped filing complaints. She further alleges that the defendants would not allow her to move off of 1-D Pod, and wrote her up for disciplinary offenses, in an effort to get her security status upgraded, because of her litigation. Ms. Robie has alleged sufficient facts as to Claim 2 to survive preliminary review. In an order issued this date, the court has directed service of Claim 2 on the defendants named in that claim.

**Conclusion**

For the foregoing reasons, the District Judge should dismiss all claims against DOC Commissioner Helen Hanks, and dismiss her from this action. In an Order issued this date, the Court directs service of the complaint on the other defendants identified in the complaint.

Any objections to this R&R must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended by motion. Only those issues raised in the objection to this R&R are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 28, 2023

cc: Krystal V.-M. Robie, pro se.